UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tracy Smith, | ) | C/A: 2:15-1079-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Showa Denko Carbon, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Tracy Smith, originally filed this action in the Court of Common Pleas of Dorchester County, South Carolina. In his Amended Complaint,[1] Plaintiff alleges that he was wrongfully discharged from his employment with Defendant, Showa Denko Carbon, Inc., on December 18, 2014, based on his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq. Amended Complaint, ECF No. 1-1 at 10-11. He also asserts, under South Carolina law, claims for breach of contract, defamation, and intentional infliction of emotional distress. Id. at 11-12. Defendant removed this action to this Court on March 5, 2015, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the ADEA. Notice of Removal, ECF No. 1 at 2.

In an order dated March 20, 2015, the undersigned directed Plaintiff to answer Local Civil Rule 26.01 (D.S.C.) Interrogatories and to answer the Court's Special Interrogatories. ECF No.

---



[1] Plaintiff's pleading is titled "Amended Complaint." See Amended Complaint, ECF No. 1-1. Records from Dorchester County indicate that a Complaint was filed on December 18, 2014, and an Amended Complaint on January 16, 2015. See Dorchester County First Judicial Circuit Public Index, http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails.aspx?County=18&CourtAgency=18002&Casenum=2014CP1802381&CaseType=V (last visited May 7, 2015). Defendant asserts that if it was never served with the initial Complaint. ECF No. 1 at 1.

8. On April 13, 2015, Plaintiff submitted answers to the interrogatories. Plaintiff answered "No" to the Court's Special Interrogatory in which he was asked "[d]id you file an administrative charge with the Equal Employment Opportunity Commission (EEOC) or the South Carolina Human Affairs Commission (SCHAC) regarding your allegations of employment discrimination in this case?" ECF No. 10 at 1.

## Discussion

The ADEA specifically provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1). "Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Failure to file a charge with the EEOC deprives a federal court of subject matter jurisdiction over the claim. Id. at 300–01.[2] Even when not raised by the parties themselves, the Court may raise concerns of subject matter jurisdiction sua sponte. Brickwood Contractors, Inc. v. Datanet Eng'g Inc., 369 F.3d 385, 390 (4th Cir. 2004); United States v. White, 139 F.3d 998, 999–1000 (4th Cir.1998). As Plaintiff admits that he never filed a charge with the EEOC, this Court lacks jurisdiction to hear his age discrimination claim, and this claim should be dismissed. See, e.g., Martin v. Naes Corp., No. 6:12-cv-00058, 2013 WL 589485, * 2

---

[2]In contrast, the untimeliness of an administrative charge does not affect federal jurisdiction over a Title VII claim. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385(1982). Here there is not a question of timeliness of the charge, as Plaintiff admits he has not filed a charge with the EEOC or SCHAC. Generally, the limitations period for filing a charge of discrimination is 180 days after the alleged unlawful employment practice (which appears to have been on December 18, 2014). 29 U.S.C. § 626(d)(1). The limitation periods for a discrimination charge may be extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state or local deferral agency. See 29 U.S.C. § 626(d)(1)(B).



(W.D.Va. Feb. 14, 2013)[granting the defendant's motion to dismiss the plaintiff's ADEA claim for lack of jurisdiction where the plaintiff admitted he never filed a charge with the EEOC].

If Plaintiff's ADEA claim is dismissed, the remaining three claims are claims under South Carolina law.³ Even if a plaintiff has not moved to remand this action or otherwise challenged removal, district courts have an independent obligation to address subject matter jurisdiction, even sua sponte. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction," Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011), and "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented," because "[s]ubject-matter jurisdiction can never be waived or forfeited." Gonzalez v. Thaler, __ U.S. __, 132 S.Ct. 641, 648 (2012). Further, the removal statute specifically provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

When federal claims presented in a case originally filed in state court are dismissed, any remaining state law claims are ordinarily remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Mellon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). This doctrine recognizes the state court's role in determining whether summary judgment on state law claims is warranted.

---

³As noted above, Defendant removed this action based on federal question jurisdiction only. See ECF No. 1 at 2.



Gibbs, 383 U.S. at 726 ["Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"]. Remand of these remaining state law causes of action will allow the more appropriate court to rule on these exclusively state law issues. See Carnegie-Mellon v. Cohill, 484 U.S. at 350, n. 7 ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims."].

Therefore, if the Court adopts the recommendation herein for dismissal of Plaintiff's federal claim (ADEA claim), Plaintiff's remaining state law causes of action should be remanded back to state court for disposition. See Clark v. Brown, 861 F.2d 66, 68 (4th Cir. 1988)[Directing dismissal of state law claims on remand following dismissal of Plaintiff's federal § 1983 claim]; Mills, 709 F.Supp. at 675-676 [Noting that federal courts should generally decline to exercise pendant jurisdiction over remaining state law claims after dismissal of federal claims in a lawsuit]

## Conclusion

Based on the foregoing, it is recommended that Plaintiff's ADEA claim be dismissed without prejudice. It is further recommended that this case be **remanded** back to state court for disposition of Plaintiff's three remaining state law causes of action.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 8, 2015
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

