**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Tracy Smith, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:15-1079-PMD-BM |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Showa Denko Carbon, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 14). Following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(3) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the Magistrate Judge issued the R&R, recommending that this Court dismiss, without prejudice, Plaintiff Tracy Smith's ("Plaintiff") claim for violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and that this case be remanded to state court for disposition of Plaintiff's three remaining state-law causes of action. Plaintiff timely filed Objections to the R&R (ECF No. 20). The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order. For the reasons set forth herein, Plaintiff's ADEA claim is dismissed and his case is remanded to state court for disposition of his remaining state-law claims.

**BACKGROUND**

Plaintiff, who is proceeding *pro se*, is a former systems and software engineer for Showa Denko Carbon, Inc. ("SDC"). On January 16, 2015, Plaintiff filed suit in state court alleging that

SDC wrongfully discharged him in violation of the ADEA. Plaintiff also brought claims under South Carolina law for breach of contract, defamation, and intentional infliction of emotional distress. The Complaint alleges that Plaintiff's job "was to create and correct hardware systems, software, and related processes used by [SDC] to operate and monitor all aspects of its production process . . . includ[ing] environmental controls and alarms." (Pl.'s Compl. ¶¶ 8–9.) The Complaint further alleges that, prior to his termination, Plaintiff had been asked "to conduct research into hardware required for enhanced environmental monitoring . . . and had identified and corrected numerous hardware, network security, and environmental problems[.]" (*Id.* ¶ 61.) Plaintiff alleges that, a few days prior to his termination, he had been tasked with "repair[ing] or replac[ing] a system for monitoring environmental compliance data[,]" a "routine"—but nevertheless "important"—task because "failure to maintain this data could lead to fines or more serious regulatory sanctions." (*Id.* ¶¶ 46, 49.) Plaintiff believes that "had [he] ignored [the] request [to repair or replace the system], he could have been found to be ignoring his duty by the operations management, the Department of Health and Environmental Control, and the Environmental Protection Agency." (*Id.* ¶ 50.)

On December 18, 2012,[1] Plaintiff was terminated, with the given rationale that his firing was "due to his 'attention to hardware.'" (*Id.* ¶ 53.) However, Plaintiff asserts that he "was discriminated against due to his age and experience" and that "Senior Management . . . preferred a younger candidate for the position . . . without regard to merit or skill-level." (*Id.* ¶¶ 73–74.)

---

1. Plaintiff's Complaint alleges that his termination date was December 18, 2014. (Pl.'s Compl. ¶ 53.) SDC's Answer confirmed Plaintiff's alleged termination date. (*See* Def.'s Answer ¶¶ 52–53.) On June 29, 2015, SDC filed a Motion to Amend its Answer in an attempt to rectify what it believes to be a scrivener's error on Plaintiff's part and which SDC later erroneously carried forward in its Answer. In its Motion to Amend its Answer, SDC asserts that Plaintiff's termination date was actually December 18, 2012. (*See* Def.'s Mot. to Am. Answer 1; *see also* Def.'s Resp. to Pl.'s Obj. 4 n.1.) Plaintiff, in his Reply, acknowledges the error and restates his termination date as December 18, 2012. (*See* Pl.'s Resp. to Def.'s Resp. to Pl.'s Objections 1.)

2

Plaintiff also alleges that he "was terminated . . . in order to give the position to Bob Park, a younger, less experienced candidate." (*Id.* ¶ 75.)

Defendant removed the case to federal court on March 5, 2015, citing Plaintiff's ADEA claim and this Court's jurisdiction to hear cases under 28 U.S.C. § 1331. SDC filed an Answer on March 11, 2015. Pursuant to the Local Civil Rules (D.S.C.), the action was referred to a Magistrate Judge, who, in an Order dated March 20, 2015, directed Plaintiff to answer Local Civil Rule 26.01 (D.S.C.) Interrogatories and to answer the Court's Special Interrogatories. Plaintiff submitted his answers to the Interrogatories on April 13, 2015. Plaintiff responded "No" to the Court's Special Interrogatory asking whether he had filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC") regarding his allegations of employment discrimination.

The Magistrate Judge conducted an initial review of Plaintiff's Complaint and issued the R&R on May 11, 2015. Based on Plaintiff's Complaint and his answers to the Court's Special Interrogatories, the Magistrate Judge determined that this Court lacks jurisdiction to hear Plaintiff's ADEA claim because he failed to file an administrative charge with the EEOC. (R&R 2.) Therefore, the Magistrate Judge recommended that Plaintiff's ADEA claim be dismissed. (*Id.*) The Magistrate Judge further recommended that, should the Court adopt his recommendation regarding the dismissal of Plaintiff's ADEA claim, the Court decline to exercise pendant jurisdiction over Plaintiff's remaining state-law claims and remand those claims to state court. Plaintiff timely filed Objections and SDC filed a Response to Plaintiff's Objections. On July 31, 2015, Plaintiff filed a Reply.

3

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).

The Court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The liberal construction requirement, however, does not mean that the Court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

As previously referenced, the Magistrate Judge concluded that this Court lacks jurisdiction over Plaintiff's ADEA claim because he failed to file an administrative charge with the EEOC. Plaintiff's Objections do not dispute or even address the rationale behind the Magistrate Judge's recommendation that his ADEA claim be dismissed. Similarly, Plaintiff does not specifically address the Magistrate Judge's recommendation that his state-law claims be remanded. With respect to his ADEA claim, Plaintiff merely reasserts that his "age and experience" constitute "one of the motives of [SDC] personnel in fostering the hostile work environment [Plaintiff] was subjected to and forced to endure as a condition of [his] employment." (Pl.'s Objections 2.)

The majority of Plaintiff's Objections instead focus on—and certainly expand upon—various allegations of the Complaint related to his work on environmental issues at SDC. Liberally construed, Plaintiff asserts that his job involved or made him privy to certain "environmental violations" and that the "hostility, intimidation, and obstructive practices" present at SDC "made accurate reporting of such violations unreliable and in certain situations impossible." (*Id.*) Plaintiff asserts that these "[m]atters of Federal environmental law[,]" his attempts "to rectify chronic errors and omissions in Federally mandated environmental data collection[,]" and "the retaliation [he] suffered as a result" of his actions are "particularly relevant to [his] case" and that these matters "are within the jurisdiction of a Federal court." (*Id.*) Plaintiff's Objections also include a request that the Court allow him additional time to "provide further evidence supporting" his belief that this Court has jurisdiction to hear his claims. (Pl.'s Objections 1.)

In its Response, SDC concurs with the Magistrate Judge's recommendation regarding Plaintiff's ADEA claim and characterizes Plaintiff's Objections as an attempt "to assert a new claim supposedly related to federal environmental laws." (Def.'s Resp. to Pl.'s Objections 1.) To the extent that the Court construes Plaintiff's Objections as a motion to amend his Complaint to include new environmental claims, SDC asserts that such a motion should be denied as futile. (*Id.* at 3.) Finally, SDC requests that the Court retain jurisdiction over Plaintiff's state-law claims if the Court concludes that it has jurisdiction over any federal claim. (*Id.* at 4.)

In his Reply, Plaintiff expressly refutes Defendant's characterization of his Objections as an attempt to assert new claims based on alleged violations of federal environmental laws. (*See* Pl.'s Resp. to Def.'s Resp. to Pl.'s Objections 2.) In an effort to further clarify and emphasize the nature of his claims, Plaintiff states:

> As concisely as I can, I again assert that I was subjected to a hostile work environment as a condition of my employment; defamed to coworkers, members of senior management and third parties; discriminated against as my age and experience provided me with the expertise to solve specific Information Technology problems that were preventing the organization from complying with environmental laws; and was wrongfully terminated. I believe these assertions are all clearly stated in my pleading and should not be construed as "any attempt to create a new federal claim" as defense counsel states on page 2.

(*Id.*)

## I. ADEA and State-Law Claims

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). As the Magistrate Judge outlined in the R&R, before filing suit under the ADEA, a plaintiff must first exhaust his administrative remedies by bringing a timely charge of

6

discrimination with the EEOC or a relevant state agency. *See* 29 U.S.C. § 626(d)(1); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009) ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim. The same is true of claims made under the ADEA."); *see also Brown v. Wal-Mart Stores E., L.P.*, No. CA 3:07-2943-JFA-JRM, 2009 WL 2940203, at *2 (D.S.C. Sept. 8, 2009) ("A plaintiff suing under the ADEA must demonstrate that she has exhausted her administrative remedies."). The ADEA generally requires that a plaintiff file such a charge with the EEOC within 180 days of the discriminatory practice. 29 U.S.C. § 626(d). Where the charge is based on a job termination, the 180–day period runs from the date on which the plaintiff is notified of his termination. *Felty v. Graves-Humphreys*, 785 F.2d 516, 518–19 (4th Cir. 1986); *Price v. Litton Bus. Sys.*, 694 F.2d 963, 965 (4th Cir. 1982).

However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *accord Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1011–12 (4th Cir. 1983) (holding that the 180–day requirement operates like a statute of limitations and is therefore subject to principles of equitable estoppel and equitable tolling in certain circumstances). Equitable tolling is available when 1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or 2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing

7

deadline." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (citing *Felty*, 818 F.2d 1126; *Price*, 694 F.2d at 965).

Plaintiff's Objections do not specifically respond to the Magistrate Judge's recommendation that his ADEA claim be dismissed for failure to file an administrative charge. However, Plaintiff's answers to the Court's Special Interrogatories make clear that he has not filed such a charge. Because Plaintiff has alleged that he was wrongfully discharged, the ADEA's 180–day filing period applies. *See Price*, 694 F.2d at 965. Accordingly, Plaintiff had until June 18, 2013, to bring a timely charge. Plaintiff has not alleged any facts to suggest that the doctrines of equitable tolling or equitable estoppel should apply. Therefore, the Court adopts the Magistrate Judge's recommendation that Plaintiff's ADEA claim be dismissed.

Furthermore, because Plaintiff failed to address the Magistrate Judge's recommendation that his state-law claims be remanded, his Objections lack the requisite specificity under Rule 72(b) of the Federal Rules of Civil Procedure to trigger, or otherwise invite, de novo review. *See Diamond*, 416 F.3d at 315–16. The Court, which has "satisf[ied] itself that there is no clear error on the face of the record," *id.* (quoting Fed. R. Civ. P. 72 advisory committee note), accepts and adopts the Magistrate Judge's R&R and fully incorporates it into this Order. Accordingly, Plaintiff's state-law claims are remanded.

## II. Motion to Amend

Plaintiff's Objections include a request that the Court allow him additional time to "provide further evidence supporting" his belief that this Court has jurisdiction to hear his claims. (Pl.'s Objections 1.) Giving Plaintiff the benefit of liberal construction, this Court construes this Objection as a request to allow Plaintiff to amend his Complaint to include these additional allegations.

8

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "leave to amend a complaint should be freely given 'when justice so requires.'" *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012) (quoting *Fields v. Walpole*, No. 11-1000-DKC, 2011 WL 6217081, at *2 (D. Md. Dec. 13, 2011)). This liberal rule seeks to ensure the resolution of cases on their merits rather than disposing of them on mere technicalities. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.").

For leave to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Therefore, the futility analysis under Rule 15(a) requires an initial assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claim is based. *Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004).

After reviewing Plaintiff's request to offer additional evidence under this standard, the Court concludes that allowing Plaintiff to amend his Complaint would be futile. With respect to his ADEA claim, there is no "further evidence" that Plaintiff could offer that would establish this Court's jurisdiction because his failure to exhaust his administrative remedies prior to filing suit—or demonstrate that equitable tolling or equitable estoppel ought to excuse his failure to file—is fatal to his ADEA claim. *See Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459, 464–65 (D.S.C. 2015) (finding Plaintiff's proposed amended complaint futile where Plaintiff failed to allege that he had exhausted his administrative remedies with respect to his ADEA claim). As previously discussed, Plaintiff's failure to file an administrative charge with the EEOC or SCHAC regarding his allegations of employment discrimination deprives this Court of jurisdiction to hear Plaintiff's ADEA claim and, therefore, renders any proposed amendment futile. *See generally Plunkett v. Potter*, 751 F. Supp. 2d 807, 810 (D. Md. 2010) ("[C]ourts have denied leave to amend as futile discrimination claims for failure to exhaust administrative remedies."); *see also Belton v. United States*, C.A. No. 3:15-1456-MBS, 2015 WL 4508606, at *2 (D.S.C. July 24, 2015) ("A motion to amend is futile where the court would lack jurisdiction over the amended complaint."). Furthermore, the Court will take at face-value Plaintiff's insistence, in his Reply, that he does not wish to assert new federal claims for violations of federal environmental laws. (*See* Pl.'s Resp. to Def.'s Resp. to Pl.'s Objections 1, 2.) Thus, the Court will not interpret his offer of "further evidence" to relate to any such claims. Accordingly, the Court denies Plaintiff's Motion to Amend. *See Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013) (noting that the grant or denial of a motion for leave to amend a pleading is properly left to the discretion of the trial court), *accord Equal Rights Ctr.*, 602 F.3d at 603.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Plaintiff's ADEA claim is dismissed and the remainder of his case is remanded to state court for disposition of his state-law claims. It is **FURTHER ORDERED** that Plaintiff's Motion to Amend is **DENIED**.

**AND IT IS SO ORDERED.**

*(signature)*
PATRICK MICHAEL DUFFY
United States District Judge

**September 1, 2015**
**Charleston, South Carolina**